# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

|  |  |
|---|---|
| LANE ELLEN TOLLEFSEN, a Washington resident, | No. 72866-1-I |
| Appellant, | DIVISION ONE |
| v. | |
| GREGORY L. JANTZ and LaFON JANTZ, husband and wife, and their marital community; MICHAEL GURIAN and "JANE DOE" GURIAN, husband and wife, and their marital community; ANN McMURRAY and "JOHN DOE" McMURRAY, wife and husband, and their marital community; RANDOM HOUSE LLC, a Delaware limited liability company; and CARRIE ABBOTT and "JOHN DOE" ABBOTT, wife and husband, and their marital community, | UNPUBLISHED<br><br>FILED: November 16, 2015 |
| Respondents. | |

COX, J. — The trial court dismissed Lane Tollefsen's action against Gregory Jantz and others under RCW 4.24.525, Washington's Strategic Lawsuit Against Public Participation statute (anti-SLAPP). While Tollefsen's appeal was pending, our supreme court declared RCW 4.24.525 unconstitutional in its entirety. Respondent Jantz moved for a remand. We grant the motion and remand to the trial court with instructions to vacate the order of dismissal, the

award of statutory damages and attorney fees, and to conduct such further proceedings as are necessary.

On July 14, 2014, Lane Tollefsen, a teacher at King's Elementary School in Seattle, filed this action against Gregory Jantz and others (collectively Jantz), alleging claims for slander, libel, and negligent infliction of emotional distress. The claims arose primarily out of a passage in Raising Boys by Design, a book written by Jantz and Michael Gurian.

Jantz moved to strike Tollefsen's complaint under RCW 4.24.525, Washington's anti-SLAPP statute. The trial court granted the motion to strike and dismissed all of Tollefsen's claims under RCW 4.24.525. The court also awarded Jantz statutory damages, attorney fees, and costs under RCW 4.24.525(6)(a).

Tollefsen appealed, challenging both the constitutionality of RCW 4.24.525 and the trial court's application of the statutory requirements to the facts of the case. After Tollefsen filed her opening brief, our supreme court decided Davis v. Cox,[1] holding that the anti-SLAPP statute violated the right of trial by jury under article I, section 21 of the Washington Constitution. There is no dispute that Davis invalidates the trial court's basis for dismissing Tollefsen's claims.

---

[1] 183 Wn.2d 269, 275, 351 P.3d 862 (2015).

Jantz moved to remand this case, asking this court to dismiss the appeal in light of Davis and remand for further proceedings. Jantz concedes that the order awarding damages and attorney fees under RCW 4.24.525 must be vacated. He argues, however, that the order of dismissal need not be vacated because "[r]espondents believe the Superior Court used a summary judgment standard"[2] in granting the motion to strike. Jantz maintains that on remand, the trial court should therefore have the opportunity to review its dismissal in light of Davis. We disagree.

This record does not clearly support Jantz's claim that the trial court "almost certainly did use a summary judgment standard."[3] Jantz did not move for summary judgment. The court in Davis outlined the differences between a motion to strike and a motion for summary judgment:

> The plain language of RCW 4.24.525(4)(b) requires the trial court to weigh the evidence and make a factual determination of plaintiffs' "probability of prevailing on the claim." The moving party bears "the initial burden of showing by a preponderance of the evidence that [plaintiffs'] claim is based on [defendants'] action involving public participation and petition." RCW 4.24.525(4)(b) (emphasis added). "If the moving party meets this burden, the burden shifts to the responding party to establish by clear and convincing evidence a probability of prevailing on the claim." Id. (emphasis added). And when the trial judge adjudicates these questions, the statute directs that the trial judge "shall consider pleadings and supporting and opposing affidavits stating the facts"

---

[2] Motion for Remand at 7.
[3] Reply on Motion for Remand at 3 (emphasis omitted).

relating to the underlying claims and defenses. Id. at (4)(c) (emphasis added).

By contrast, summary judgment is proper only if the moving party shows that there is "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." CR 56(c). By their terms, the two standards involve fundamentally different inquiries. The anti-SLAPP statute provides a burden of proof concerning whether the evidence crosses a certain threshold of proving a likelihood of prevailing on the claim. See 2 McCORMICK ON EVIDENCE § 336 (Kenneth S. Brown ed., 7th ed. 2013) (comparing burdens of production and burdens of proof). But summary judgment does not concern degrees of likelihood or probability. Summary judgment requires a legal certainty: the material facts must be undisputed, and one side wins as a matter of law. If the legislature intended to adopt a summary judgment standard, it could have used the well-known language of CR 56(c). But it did not do so. It instead chose language describing the evidentiary burden to evaluate the "probability of prevailing on the claim." RCW 4.24.525(4)(b). And it directed the trial judge to evaluate disputed evidence, including "supporting and opposing affidavits." Id. at (4)(c). In this case, the trial judge did just that. Thus, RCW 4.24.525(4)(b)'s plain language requires the trial judge to make factual determinations and adjudicate a SLAPP claim.[4]

The parties and the trial court were acting under the presumption that the provisions of RCW 4.24.525 were valid and applicable. Jantz filed – and the trial court granted -- a motion to strike under RCW 4.24.525. Because the trial court's dismissal of Tollefsen's claims was based on the anti-SLAPP statute, which the supreme court later invalidated, vacation of the dismissal order is appropriate. The trial court can then determine what further proceedings are necessary.

---

[4] Davis, 183 Wn.2d at 280-82.

No. 72866-1-I/5

Tollefsen opposes a remand and asks this court to consider her appeal "in light of <u>Davis v. Cox</u>."[5] But Tollefsen concedes that the trial court's order of dismissal is invalid in light of <u>Davis</u>. She fails to identify any meaningful basis for this court's further review.

Neither party is entitled to an award of attorney fees. As the prevailing party, Tollefsen is entitled to an award of costs.

We dismiss Tollefsen's appeal and remand for such further proceedings as are necessary. We instruct the trial court to vacate the order of dismissal and the award of damages and attorney fees based on RCW 4.25.525.

_____
Cox, J.

WE CONCUR:

_____          _____

_____
[5] Opposition to Motion for Remand at 10.

-5-